Good morning. May it please the court? Pardon me. John Williams on behalf of Appellant Pitt. I'd like to reserve five minutes of my time for rebuttal. I'd like to start this morning by discussing why the memorandum decision or decisions in both Clark and Elmore are not controlling on the renewal doctrine analysis in this case. Under the renewal doctrine, when Michael Pitt renewed his policy in California starting in 2014, it incorporated interim changes in the insurance code intended to regulate all existing life insurance policies in California, including the two statutes in question in this appeal. This is a basic articulation of the renewal doctrine as recognized over 50 years ago in California in the Moglen decision. Counsel, I want to start with a little more fundamental question, and that is why do we even think that California law applies here? I assume this is an easy question to answer, but the contract itself is signed in Illinois. Correct. The folks move later on to California. So what principle of insurance law tells us, or contractual law here, tells us that when they move to California, that the provisions of California law now govern rather than the provisions of the state where it was signed? Well, that would be the renewal doctrine, this idea that if a policy is renewed in a state, that the law of that state then becomes controlling on that policy. And is that a matter of Illinois law? Is that a matter of just general insurance policy, or is that a matter of the contract? Well, that's a matter of California law. Because there is no choice of law provision in there. There are references to state law in the contract, but there's no choice of law provision. It doesn't say this will be governed under the laws of Illinois or the laws of New York or California or wherever the insured moves. I think that there is a choice of law provision, but it wasn't our position that that controls here. The position that we've taken is that once this policy becomes renewed in California, it incorporates the changes in California law. Now, that's also consistent with language in the policy itself, the conformity with statutes language that's found at 9 ER 2080, which anticipates that insurers like Pitt will move after a policy's original issuance and require Tower to amend the policy if doing so would give Pitt the benefit of such advantageous state statutes, rules, or regulations. So not only does the renewal doctrine itself allow for the application of California law, the policy language contained in the policy, the conformity with statutes language also provides that if there is a change in the statute. What language are you referring to in the conformity? It's called the conformity with statutes language. I see a conformity. It says if any provision of this policy is in conflict with the laws of the state which govern this policy. It's found at ER 2080. It's under Section 7. It's the second paragraph under Section 7. Correct. But all it does is conflict with the laws of the state which govern this policy. It assumes that we know which state's laws govern this policy. I'm just trying to figure out. It doesn't mean that either side disagrees over this. I'm just trying to figure out at what point we know that California's laws apply because it may have some implications for where something has either been renewed or whether that changes the idea of issued and delivered. Again, I guess I just point back to the renewal principle itself that if you have this policy that is in force and that it is renewed in California that it incorporates the existing law in California at that time. The question is where does this renewal doctrine come from? Is it a matter of California law? Is it a matter of Illinois law? Apparently, it's not in the contract. Where are you taking it from? It's embedded in California law. It was first articulated by the Moglen case. Okay, so I look at Moglen, and that has language which says where a policy is issued or delivered by any insurer licensed in the state upon any motor vehicle of the principal use or principal garage in the state. But the any insurer language is not applicable. It's not part of 1013.71 and 1013.72. So that was specific language that Moglen looked at, which is an issue in this policy. So looking at this policy, what creates a – makes a California law applicable? Well, look, Moglen has been accepted as articulating the general principle of the renewal theory. This court in the Steffen case looked to Moglen as well. Why isn't this governed, though, by paragraph 3, the renewal privilege in the contract? That's on 277. Each renewal will be for a term of one year and will begin when the preceding term ends. So it looks like the contract renews. It's only good for one year. It's sort of a one-year period, and then it renews. If the pits have now moved to California and formed the insurance company that they are now living in California, I mean, this seems to be plausible that everybody might assume that California law applies, although I'm still not entirely sure why. Well, let's understand this. Tower designed the policy to renew on an annual basis. That's their language. And so the policy every year is renewed by the payment of the premium. There's nothing about the policy that is frozen in amber at the time that it is first issued and will always be a policy under Illinois law. Doesn't California law, excuse me, in ball, say that when a policy is issued and delivered, it's a one-time event? It happens at one point in time? You're, I think, trying to bring it within the statute by suggesting that issued and delivered is the same as renewed and that it happens repeatedly rather than at one point in time. And I'm not sure how that's consistent with ball. Well, I think the issued and delivered language in ball was questioned by the Supreme Court in California in McHugh. McHugh was talking about retroactivity and different issues. But it looked exactly at that issued and delivered language and said that ball's articulation of that issued and delivered language was not firmly established enough that the legislature was presumed to know and adopt ball's view of that when it passed the statutes. It specifically said that with respect to ball. But it said that it didn't matter if the policy was issued and delivered before the statute was enacted. It was still applicable. That's not an issue here. We're not talking about retroactivity of something that was issued and delivered in California. So I didn't see how ball even assisted you. I was responding to Judge Beatty's question with respect to the issued and delivered language. My position is is that the McHugh court looked at that language and said ball's distinguishable. We don't think that the issued and delivered articulation in ball is applicable to these statutes. Moreover, ball never looked. But I think what Judge Akuta's point is that was not an issue in McHugh. So how does McHugh help you? I think McHugh is the closest analog for this court. The analytical task for this court is to try and glean how the highest court in California would decide this issue. And a lot of the articulation and reasoning and analysis in McHugh that talks about the purpose of these statutes, the uniform pre-termination notice that the statutes impose on policies whenever they were originally issued, and why that scheme is important for purposes of the remedies and the public policies those statutes meant to advance. I think all of that is instructive to this court. It is true that in McHugh the issue was not whether a policy originally issued outside of California and then renewed in California was applicable or was subject to the statutes. That was not squarely decided in McHugh. That was not presented in McHugh. But the issue of the renewal theory prior to the McHugh ruling had been something that district courts in this district had looked at and looked at consistently. So to put it in terms of the statutes that you're trying to get applied here, those statutes only speak in terms of issued and delivered. The legislature could have used the term renewal. It's used the term renewal in other statutes. And there are statutes in California in which they have used the terms in series issued, delivered, or renewed, which suggests that renewed may be. But your contention is today that renewal means issued and delivered, that it's issued and delivered every year that it's renewed? I would say that it's the functional equivalent of issued and delivered. It's not the same thing. Do you have any case or any provision that supports that? Ball seems to be contrary to that. McHugh calls Ball into question. Yes. Do you have any other case that equates renewal with issued and delivered? Well, I think that, again, is the function of the renewal doctrine. And this Court in Steffen looked at that issue, approved Moglen with that language in Moglen, by also accepting the renewal doctrine as standing for the proposition that each renewal incorporates any changes in the law that occur prior to the renewal. But if renewal is the equivalent of issued and delivered, that seems to put the insured at a tremendous disadvantage because before an insurance company is going to issue a life insurance policy, there are going to be requirements to qualify health examination, review of medical records, things such as that. They issued this contract, I believe, for 20 years. And so Mr. Pitt could renew it each year by paying the premium for 20 years without being subjected to requalifying every year to have the policy issued. So if renewal means issued and delivered, that would suggest that an insurance company could make an agreement with an insured that they're going to insure them for 20 years once they are deemed qualified and then every year just decide to cancel the policy. Well, the policy provisions in this policy would prevent them from doing that. So they couldn't make that requirement on a contractual basis. So why couldn't they just do it as a matter of law because it's renewed and that means it's issued and delivered all over again and now you get the benefit of these new statutes. And, you know, it seems to really upend any sort of – on the one hand, the contract is upheld because it's going to protect the insured. On the other hand, it's not upheld because something has happened in the interim. I mean, it seems like it's either – the contract either is in place or it's not. We're not trying to upend the contract or the contractual provisions. We're just trying to say what law applies to the contract at what point. And if it's – if that contract is renewed in California, then what we're saying is under the renewal theory, that is the functional equivalent of it being issued there. That doesn't mean that it was originally issued there or it's reissued. It just means it incorporates the law of that state at the time that it's renewed there. And, again, that renewal principle is well settled in California law. It's been accepted by this court in Steffen. Other courts in this district, in this circuit, including four different district courts, looked at this issue and found that the renewal doctrine applied, specifically analyzed the Steffen case, specifically looked at the Moglin case, and said in these instances when a policy is renewed in California, these changes in the statutes apply. And that articulation of the renewal doctrine itself is what makes those changes possible. So nobody's here saying that the contract is somehow upended. It's just a question of what law applies to that contract. And when we're talking about this particular – these particular statutes, it's important to remember, too, and I believe this is where McHugh is helpful, is that McHugh found that requiring this pre-termination notice scheme, this 60-day grace period, doesn't upend the basic contractual bargain. All it does is impose relatively cabined administrative requirements to these policies in the way that they're administered in California. To do what? To serve the public policy of avoiding inadvertent forfeitures. So in that respect, it doesn't upend the entire contract or doesn't rewrite the contract. It only requires that the contract be administered in a certain way. Do you want to save some time for rebuttal? Thank you.  Good morning, Your Honors. I'm Sandra Hauser from Denton's on behalf of Metropolitan Tower Life Insurance Company. Judge Bybee, you got it exactly right when you observed that these California LAP statutes, by their plain and unambiguous terms, are limited in their application to policies issued or delivered in the state in California. Plaintiff appellant wants this case to be about whether or not the PIT policy renewed in California, and I'll get to that in a moment. But that's a strawman question here because these statutes were not written to apply to policies located in California or administered in California or renewed in California or ensuring lives in California. Those words are not in these statutes. And, of course, they have to be read per their clear language. Had the legislature intended for the statutes to apply to all policies, regardless of where they were issued, the legislature would simply have written the statutes without any limiting language. It would say each life insurance policy in this state without limitation to policies issued or delivered. Is issued or delivered a term of art? Issued or delivered is a term of art in this sense, right? Is it just in California or is that a universal? Across the United States. I went to Couch. I went to Appelman. I'm trying to figure out what issued and delivered means. I couldn't find anything. I mean, I was stunned that it did not appear to be a term of art. Right. Well, you are correct, because I looked as well, that it's not defined in that way in Couch. However, it is very frequently used in insurance statutes simply to avoid conflict or confusion because unlike homeowner's insurance or auto insurance, a life insurance contract is for life. And my opposing counsel mentioned that the terms are somehow not cemented. They are cemented. They're cemented on the insurer's side. The contract contemplates that there may be changes imposed by an insurance commissioner or by a legislature.  That's paragraph 7. That's right. There's a conformity with law provisions. But conformity with law doesn't help here because even if you were to look at the California law, California law is written to apply to those policies that were issued or delivered in the state. And really the reason for that is because each state has its own complex insurance scheme and its own scheme of notice. The ball goes clearly in your direction. McHugh cuts it back but doesn't really answer the question. It leaves us scratching our heads thinking, okay, now what are we supposed to do? Moglen seems to go a different direction from ball. Stephan seems to be with Moglen. Did you look at the Borders case, the California Court of Appeals case from 1977? Yes, I looked at the Borders. What's striking in there is that there was a California statute at that time that said renewal or to renew means the issuance and delivery. Right. So the California statute equated renewal with issuance and delivery. Now, I checked that statute. That's not the current version of the statute. So it doesn't have that. And this is an Ottawa policy. And I realize there's a difference between Ottawa policies and life insurance policies. But the Borders tells us, again quoting Couch and Appelman, that renewal of a policy is a new contract. So that seems to be black-letter law. Well, look, Your Honor, if that is true, then this PITT policy didn't renew because this PITT policy never changed. There was one policy, and this is admitted all over the record, and the district court's decision does quite an elaborate explication of this. This policy was issued and delivered once. It was signed in Illinois. There's a policy delivery sheet in Illinois. There are Illinois disclosures. There is an Illinois form that it is on. There are multiple Illinois provisions in the contract. That was my opening question because I'm still confused about that one. What makes us think that California law applies at all here? But you don't seem to dispute that. Well, I would just say that no matter which law you look at, it doesn't really matter when you're looking at a California statute that has the language it has. Right. But what I would say is that borders speak. But I'm asking a choice of law question here. From the very outset, are we confident that California law, if the California legislature had said issued and delivered or renewed, then you'd be in a very, very different pickle here. Now, would you come here and tell us that California law does not apply at all, that it's just Illinois law? This seems like a really fundamental question. What I would say is that which law applies probably depends on which law it is that we're talking about because this is an Illinois contract. If you just go to basic, you know. But there's no choice of law provision. There's no choice of law provision in the contract. Right. But you would have to look at the different provisions of Illinois law and California law to see whether there was any conflict of law.  If you signed the contract in Illinois and they live in Illinois. Yes, then the presumption would be. Then you would think that you would live in Illinois. The presumption would be. If they moved to California and informed the insurer that they are now living in California, does California law apply? Well. This feels like this ought to be such a fundamental question that it just should be black letter law. You know, yes, it seems like it ought to be a fundamental question in that regard. What's the answer? However, I mean, I think that California law does apply. It certainly applies in certain ways. Right. Like, I wouldn't tell you that California doesn't have the authority. That the insurance commissioner of California or the legislature doesn't have the right or the authority to issue laws that govern insurance within its state. I'm just telling you it didn't do so here in these statutes. If California had a three-year statute of limitations and Illinois had a two-year statute of limitations and there's nothing in the contract about statute of limitations, whose law applies? Well, because we're litigating the case in California, probably the California statute applies. And because. So you're willing to accept that once they move to California, that California law does apply? Yes, that was our position. Now then, we just need to figure out whether issue delivered includes renewals. Right. And what I submit to you is that the plain words issued and delivered convey their meaning. This policy was clearly issued and delivered only once. If the California legislature had meant for this statute to apply to renewals, it would have. You observed yourself, Your Honor, that there are other California statutes that include the word renewal. We cited numerous in our briefs. And I don't think. I mean, the Modulin case doesn't help the plaintiff at all. It was previously observed that the statute at issue in Modulin had issued or delivered language but also had other language that it applied to. But Borders, which is subsequent to Modulin, says that the dicta in Modulin is a holding. It says that issued and delivered is the equivalent of renewal. Well, issued and delivered isn't the equivalent of a renewal here when there's absolutely no right on the part of the insurer to ever have canceled a contract. Well, counsel on the other side said that would have been governed by the contract itself rather than other principles. That is, that you would not have had the right to just cancel at the end by saying, gee, it's just we're coming up for renewal. We've decided not to renew. Well, yeah. I mean, look, I would say that not Modulin, not Borders, not any other California authority has ever held that renewal changes the state in which a policy is issued or delivered or held that a policy that was issued or delivered in another state somehow becomes issued or delivered in California. One thing about this particular statute is this really imposes minimal costs on your client. This is not a substantive change. It's a really fairly minor change. It's not that unusual from the Illinois law. It's just a little more generous. The question is that we're really down to just counting days here to figure out what kind of notice you had to give, and the notice requirement is really not much that's outside of the original contract, and it's not much different from what you had under the Illinois law. Well, right. It's not. I would agree with you that it's very consequential. That it's not much different. Right. But it does have consequences in this case, right?  But for my client. But in terms of imposing costs on insurers, if you were just to look at this law and say, gee, are we going to have to raise premiums because of this law? The answer is no, not really. It doesn't really have very much to do with that. Well, yeah. What I would submit to Your Honor is if you look at the way that the plaintiff's bar has interpreted the statute and how they've tried to use the statute, that becomes something very costly. But for my client, in looking at a statute, in looking at a statute that has clear language in it, plain and unambiguously says that it applies only to policies issued or delivered in California. How on earth is the insurance company supposed to understand that to mean something other than what the – That's why I asked if issued and delivered was a term of art. You told me that it was, but I can't find it in Couch or Appelman. Well, right. I mean, what I told you is that it's quite a frequent term in insurance statutes. Because, yes, people do move all the time. I mean, take an example of my parents. My parents lived half the year in Michigan and half the year in California. What does that mean about what law applies, right? And each state, because the life insurance contract is something that is fixed in time, it's fixed in time when the insurer delivers it, and anything could happen. Unlike auto insurance, you know, if somebody starts engaging in risky behavior, an auto insurer can non-renew. A life insurer can't non-renew because somebody starts smoking or skydiving or engages in risky behavior. That is why life insurance is fixed in time and why so many laws are written to be clear about whether it's issued or delivered in a state or if the legislature had chosen issued, delivered, or renewed. But, Judge Ikuda, you had a question. Yeah, I thought the rule in California was that we interpret insurance contracts under plain principles of contract law. Isn't that correct? Yes. And so the question would be how would a California court look at a contract that had been created in Illinois that raises a choice of law question, which is not necessary for it to be covered in the contract itself. And do you have an answer to that? Under normal principles of contract law, how does California interpret an Illinois contract? I think a California court looking at an insured and a claim that's in California would look to California law. My point really is here, when you look to California law, the relevant California law speaks to life insurance policies issued or delivered in this state with respect to this particular statute. If we were looking at a different statute, there might be a different answer. If we're looking at statute of limitations, we're looking at a different statute of limitations in California versus Illinois. And I think any court here would look to California law for those issues. But here, and the reason I think that the question of renewal, even the question of choice of law, no matter what law you apply, when you look at the only California law that we're looking at here, which is these California statutes, they're clear in their application to policies that were issued or delivered in this state, and this policy was not issued or delivered in this state. Do you have a policy reason for why the California legislature would have limited it in that way? I think the California, and look, I've gone back, and I'm sure you may have also looked for the legislative history to see if there's any indication there, and there isn't. However, the public policy behind it is merely one of avoiding conflicts and having a clear indication of which policies this statute applies to. Maybe it's just for the situation of individuals like my parents, right, who are sometimes in California and sometimes not in California. There needs to be certainty. And California likely respects the laws of other states that have other pre-termination notice schemes like Illinois, and some of the Illinois cases discuss Kansas and discuss some other states. Is this question important enough that it would be worth certifying to the California Supreme Court? I don't think that this court needs to certify this question to the California Supreme Court simply because I think this court can interpret the language directly on it. Do you know whether this is a recurring question? Is this one-off? Is this really unique to the Pitts because of the way that the notice was handled and mishandled and so on? Well, I would say that it is a unique question that doesn't come up often. However, it did come up in Elmore, and it did come up in Clark. But I don't think that makes it a question that this panel needs to certify to the California Supreme Court for a decision because I think there are enough very clear indications about what this statute means simply from its pure language. There's no ambiguity when a statute is written. When a statute could be written in multiple other ways, it could be written to include renewal, it could be written to cover all lives within the state. It isn't. It's limited. It has limiting language in it. So I don't think that a referral to the California Supreme Court is necessary here. I see that I'm past my time. Are there other questions I can answer? No, thank you. We have some time for rebuttal. Thank you. I just want to get back to the basic principle that Tower is not an Illinois company. Its only relevant affiliation with Illinois is that is where Pitt resided at the time that the policy was first issued. When Pitt subsequently moved to California, Tower continued to do business in California by communicating with Pitt in California requesting the payment of premiums in California and accepting the payment of premiums that were made in California. No hardship would befall Tower in those situations by requiring it to comply with California law in the way that it administered the policy after it was renewed in California. While differences in notice and termination schemes may be unavoidable where a policy is only issued in another state or is issued in California when a policy is issued in another state and then renewed in California and that carrier has conducted business in California, the renewal principle should apply. The statutes in question, according to McHugh, apply to any insurer doing business in California as a condition of doing business in California. Your renewal principle, do you have any cases in which that applies in a life insurance policy? Most of the cases I saw were auto insurance. Auto insurance feels like it's different. There are increased risks. There are major changes, uninsured motorists, changes in demographics, big trucks that would cause an insurance company to need to review the risk. Health insurance, again, we assume some risk that you're just going to get old. I agree that there is not a case from this circuit or from an appellate level circuit in the state court on that issue. There was the Sarial case, which was a district court case that we cited in our briefs. I think it's spelled C-E-R-A-L-E that involved a life insurance policy. And then I'll close by saying this. This is an important question. This is a question that obviously the high court in California is very interested in in terms of its analysis in McHugh and why those statutes operate the way that they do and the public policies espoused by those statutes. So I would submit to this court that if it is at all conflicted with respect to the application of the renewal doctrine here, that it certify the question to the California Supreme Court. I think we have your argument. Thank you. The case of Susan Pitt v. Metropolitan Tower Life Insurance Company is submitted. And the court for this session, also for this week, stands adjourned. All rise. This court for this session stands adjourned.
judges: BYBEE, IKUTA, BADE